UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELEGANT MOMENTS, INC., EUGENE NEWTON, SR. and SUSAN NEWTON,<br><br>Plaintiffs,<br><br>vs.<br><br>NANCY DIMICK and KAREN LASKY,<br><br>Defendants. | CIVIL ACTION<br><br><br>NO. 3:05-CV-00966<br><br><br>JUDGE JAMES M. MUNLEY<br>MAG. JUDGE THOMAS M. BLEWITT |

## **PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs Elegant Moments, Inc., Eugene Newton, Sr. and Susan Newton, by counsel, hereby file this Motion for preliminary injunctive relief seeking a preliminary injunction hearing and conjunctive Order granting said relief.  In support thereof, Plaintiffs aver the following:

1.	On May 12, 2005, Plaintiffs filed a Complaint against Defendants Nancy Dimick and Karen Lasky through which Plaintiffs seek

1

a declaration of the parties' rights and liabilities with respect to a Distributor Contract which underpins an Arbitration commenced by Defendants with the American Arbitration Association ("AAA") against Plaintiffs. The Arbitration has been assigned File Number 14 180 Y 00553 05

2. The Complaint, which is incorporated herein by reference, seeks declaratory judgment in that it asks the Court to determine that there is no valid and enforceable contract between the parties to the Arbitration. The Complaint also asks the Court to grant a Preliminary Injunction staying the Arbitration proceedings pending adjudication of the declaratory judgment matter by this Court.

3. As more fully set forth in the Complaint and the Memorandum of Law filed in support of this Motion, Plaintiffs meet all of the requirements for the issuance of a preliminary injunction.

4.  Specifically, Plaintiffs have asserted that:

   a.  By its express terms, the Distributor Contract is between Elegant Moments, Inc. and "Lingerie 4 You International, Inc."

   b.  Defendants caused the Distributor Contract to be drafted so as to name "Lingerie 4 You International, Inc." as a party and to include signatures lines for them as President and Vice-Presidents of "Lingerie 4 You International, Inc." Lasky and Dimick presented the Contract including the above described language to Elegant Moments, Inc. for signature.

   c.  The Distributor Contract is signed by Nancy Dimick as "President" of "Lingerie 4 You International, Inc." and by Karen Lasky as "Vice-President" of "Lingerie 4 You International, Inc."

   d.  At all times relevant hereto, Plaintiffs believed that Lingerie 4 You International, Inc. was a duly organized and operating corporation. Plaintiffs had no reason to believe otherwise.

e. During the course of the Arbitration, Plaintiffs learned that no corporation by the name of Lingerie 4 You International, Inc. ever existed. To the contrary, counsel for Dimick and Lasky has explained that they were using that name to operate as some sort of "Nevada general partnership."

f. Under both Pennsylvania and Nevada law, it is illegal for any entity other than an actual corporation to utilize a name that includes "Inc." See 54 Pa.C.S.A. §311(b) and NRS 602.017.

g. The Defendants intentionally misrepresented the essential terms of the contract and the nature thereof to Plaintiff Elegant Moments, Inc.

h. The identity of the parties to a contract is a material part of the contract and Elegant Moments, Inc. was intentionally misled into misunderstanding the essential nature of the contract.

i. But for Plaintiffs' mistaken belief that Elegant Moments, Inc. was contracting with Lingerie 4 You International, Inc. as a corporate entity, Plaintiff Elegant

Moments, Inc. would never have entered into any written or oral contract with Defendants.

5.　Since Lingerie 4 You International, Inc. never actually existed, the Distributor Contract as well as the Arbitration clause contained therein are null and void ab initio.

6.　The Defendants actions constituted fraud in factum.

7.　Federal statutes, regulations, and caselaw support the Plaintiffs' legal position, making it likely that the Plaintiffs will succeed on the merits of this action.

8.　The Arbitration process is moving forward as an Arbitrator has been appointed and a Preliminary Hearing is scheduled.

9.　Plaintiffs would suffer <u>per se</u> irreparable harm if the Arbitration proceedings are allowed to continue and Plaintiffs, without having agreed to do so, are forced to submit to the arbitrator's jurisdiction.  See <u>Painewebber Inc. v. Hartmann</u>, 921 F.2d 507, 515 (3rd Cir. 1990).

Wherefore, for the foregoing reasons, Plaintiffs respectfully request this Court to hold a hearing as expeditiously as possible and thereafter enter a preliminary injunction which, pending final resolution of the merits of this case, (1) stays the Arbitration commenced by Defendants with the American Arbitration Association and assigned file no. 14 180 Y 00553 05 and (2) restrains Defendants from attempting arbitrating or seeking to arbitrate as against Plaintiffs: (a) all Claims asserted in the Demand for Arbitration, and (b) any other claims based on any of the facts, transactions, events, occurrences, acts, omissions or failures to act arising out of or relating to the Distributor Contract.

> Respectfully submitted,
> /s/ Nicholas Charles Haros
> NICHOLAS CHARLES HAROS, ESQ.
>     Attorney I.D. #76195
>     802 Main Street
>     Stroudsburg, PA  18360
>     (570) 424-9800
>
> Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELEGANT MOMENTS, INC., EUGENE NEWTON, SR. and SUSAN NEWTON,<br><br>Plaintiffs,<br><br>vs.<br><br>NANCY DIMICK and KAREN LASKY,<br><br>Defendants. | CIVIL ACTION<br><br><br>NO. 3:05-CV-00966<br><br><br>JUDGE JAMES M. MUNLEY<br>MAG. JUDGE THOMAS M. BLEWITT |

## **CERTIFICATE OF NON-CONCURRENCE**

I, Nicholas Charles Haros, Esquire, hereby certify that I have contacted Defense counsel who opposes my requested Motion for Preliminary Injunctive Relief.

>YOUNG & HAROS, LLC
>
>/s/  Nicholas Charles Haros
>NICHOLAS CHARLES HAROS, ESQ.