UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELEGANT MOMENTS, INC., EUGENE NEWTON, SR. and SUSAN NEWTON, <br><br> Plaintiffs, <br><br> vs. <br><br> NANCY DIMICK and KAREN LASKY, <br><br> Defendants. | CIVIL ACTION <br><br> NO. 3:05-CV-00966 <br><br> JUDGE JAMES M. MUNLEY <br> MAG. JUDGE THOMAS M. BLEWITT |

## **PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

### I.   PROCEDURAL AND FACTUAL HISTORY

This action centers upon the impropriety of an Arbitration initiated by Defendants Dimick and Lasky with the American Arbitration Association ("AAA") on March 24, 2005.  Since the Distributor Contract underlying the Arbitration Demand is void ab initio, the Arbitration proceedings must be enjoined.

1

Plaintiffs acknowledge that, on or about November 1, 2003, Eugene Newton, Sr., in his capacity as President of Plaintiff Elegant Moments, Inc., signed a Distributor Contract on behalf of Elegant Moments, Inc. Importantly, by its express terms, the Distributor Contract is between Elegant Moments, Inc. and **"Lingerie 4 You International, Inc."** Lasky and Dimick intentionally prepared the Distributor Contract so as to name "Lingerie 4 You International, Inc." as a party and to include signatures lines for them as President and Vice-Presidents of this apparent corporation.  In fact, the Distributor Contract is signed by Nancy Dimick as "President" of "Lingerie 4 You International, Inc." and by Karen Lasky as "Vice-President" of "Lingerie 4 You International, Inc."

Moreover, Lasky and Dimick presented the Contract, including the above described language, to Elegant Moments, Inc. for signature.  At all times relevant hereto, Plaintiffs believed that Lingerie 4 You International, Inc. was a duly organized and operating corporation and had no reason to believe otherwise.

On or about March 24, 2005, Dimick and Lasky filed their Demand for Arbitration with the AAA alleging that Eugene Newton, Sr., Susan Newton and Elegant Moments, Inc. breached the Distributorship Contract.  Further, the Demand for Arbitration is captioned:  "Nancy Dimick and Karen Lasky, individually and as Officers of Lingerie 4 You v. Elegant Moments, Inc., Eugene Newton, Sr., as an Individual and as President of Elegant Moments, Inc. Sue Newton, as an Individual and as an Officer of Elegant Moments, Inc."

The Newtons and Elegant Moments, Inc. filed an Answering Statement in the Arbitration which asserted, in part, that (1) Claimants Nancy Dimick and Karen Lasky are not personally nor individually parties to the Contract and are not proper parties to the Arbitration and (2) "Lingerie 4 You" is not a party to the Contract and is not a proper party to this arbitration.

Dimick and Lasky's legal counsel responded to the Answering Statement with a fax dated May 2, 2005, wherein he acknowledges that

the Demand for Arbitration named improper claimants.  Importantly, the fax also reveals that no corporation by the name of Lingerie 4 You International, Inc. has ever existed.  To the contrary, the fax claimed that Dimick and Lasky were using that name to operate as some sort of "Nevada general partnership."

Plaintiffs first learned of Lingerie 4 You International, Inc.'s nonexistence from the May 2, 2005 fax.  Until the receipt of the fax, Elegant Moments, Inc. had always believed that it had contracted with a duly organized and operating corporation.  In fact, pursuant to both Pennsylvania and Nevada law, it is illegal for any entity other than an actual corporation to utilize a name that includes "Inc."  See 54 Pa.C.S.A. §311(b) and NRS 602.017.

It is now clear that Dimick and Lasky duped Elegant Moments, Inc. into executing the Distributor Contract.  Dimick and Lasky falsely represented that Lingerie 4 You International, Inc. existed.  They signed the Contract and presented it to Elegant Moments,

Inc. knowing that Lingerie 4 You International, Inc. did not exist. As such, they intentionally misrepresented the essential terms of the contract and the nature thereof. Consequently, Eugene Newton, Sr., on behalf of Elegant Moments, Inc., signed the Contract not fully knowing what he was signing. In sum, the execution of this Distributor Contract was obtained by lies, deceit and misrepresentations as to its content.

But for the belief that Elegant Moments, Inc. was contracting with Lingerie 4 You International, Inc. as a corporate entity, Elegant Moments, Inc. would never have entered into any written or oral contract with Dimick and Lasky.

Since Lingerie 4 You International, Inc. never actually existed, the Distributor Contract as well as the Arbitration clause contained therein are null and void ab initio. Moreover, the Defendants actions constituted fraud in factum. Consequently, on May 12, 2005, Plaintiffs filed a Complaint against Dimick and Lasky seeking (1) declaratory judgment

that there is no valid and enforceable contract underlying the Arbitration and (2) a Preliminary Injunction staying the Arbitration proceedings pending adjudication of the declaratory judgment matter by this Court.

## II.   QUESTIONS PRESENTED FOR REVIEW

    A.    WHETHER PLAINTIFFS HAVE A REASONABLE PROBABILITY OF SUCCESS ON THE MERITS OF THIS ACTION.

        SUGGESTED ANSWER:   YES

    B.    WHETHER, AS A MATTER OF LAW, PLAINTIFFS WILL SUFFER IRREPARABLE INJURY IF RELIEF IS NOT GRANTED.

        SUGGESTED ANSWER:   YES

## III.   ARGUMENT

    **A.   PLAINTIFFS CLEARLY HAVE A REASONABLE PROBABILITY OF SUCCESS ON THE MERITS OF THIS ACTION.**

In examining whether to issue a preliminary injunction to prevent the arbitration of a dispute, the Court must decide whether the moving party shows (1) a reasonable probability of success on the merits and (2) that it will be irreparably injured <u>pendente lite</u> if relief is not granted.

See <u>PaineWebber Incorporated v. Hartmann</u>, 921 F.2d 507 (3d Cir. 1990).

Here, Plaintiffs have a very strong probability of success on the merits of their case.  As explained by the Third Circuit Court of Appeals, "the threshold questions a district court must answer before compelling or enjoining arbitration are these: (1) Did the parties seeking or resisting arbitration enter into a valid arbitration agreement?  (2)  Does the dispute between those parties fall within the language of the arbitration agreement."  <u>John Hancock Mutual Life Insurance Company v. Olick</u>, 151 F.3d 132, 137 (3d Cir. 1998).  In the case at hand, the Distributor Contract is void and, consequently, there is no valid arbitration agreement between the parties.

First of all, the Distributor Contract must fail because Lingerie 4 You International, Inc. lacked the capacity to enter into the agreement.  It is well settled that a corporation which is not yet in existence lacks the capacity to contract.  <u>In re Rothman,</u> 204 B.R. 143, 150 (Bkrtcy.E.D.Pa.

1996).  See In re Main, Inc., Debtor, 1999 WL 689715, *8 (E.D.Pa. 1999).  Moreover, "[t]he validity of every contract, whether in the form of negotiable paper or otherwise, is dependent upon the capacity of the parties thereto to contract [and the] absence of capacity nullifies the attempted contract at the outset, and no act of another party, no bona fides on his part, can give vitality to it."  First Nat. Bank of Verona, for Use of Laris v. Walsh, 349 Pa. 241, 244-245, 37 A.2d 130, 132 (1944) (quoting 8 Am.Jur. 327, section 613).

   Here, Lingerie 4 You International, Inc. has never been incorporated.  As such, it lacks capacity to contract and the Distributor Contract is a nullity.

   Furthermore, if this Court is not convinced that the Contract fails based upon the Lingerie 4 You International, Inc.'s lack of capacity to contract, the Contract should be deemed void based upon Lasky and Dimick's fraudulent actions.

Keep in mind that both Pennsylvania and Nevada law make it illegal for any entity other than an actual registered corporation to utilize a name that includes "Inc." See 54 Pa.C.S.A. §311(b) and NRS 602.017. Nevertheless, Lasky and Dimick prepared the Distributor Contract naming the fictitious "Lingerie 4 You International, Inc." as a party. They then presented the Contract to Elegant Moments, Inc. for review and signing. Lasky and Dimick went so far as to sign the Contract as "President" and "Vice-President" of the nonexistent corporation. These actions clearly constitute fraud in factum.

The District Court for the Eastern District of Pennsylvania has explained that "[f]raud in the factum occurs when 'fraud ... procures a party's signature to an instrument without knowledge of its true nature or contents.' FDIC v. Deglau, 207 F.3d 153, 171 (3d Cir.2000) (quoting Langley v. FDIC, 484 U.S. 86, 93, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987)); see also Restatement (Second) of Contracts § 163 & cmt. a (1981) (defining fraud in the factum as 'a misrepresentation as to the character

or essential terms of a proposed contract')." Giannone v. Ayne Institute, 290 F.Supp.2d 553, 562 (E.D.Pa. 2003).

Here, when Lasky and Dimick promoted a nonexistent entity as a party to the Distributor Contract, they intentionally misrepresented the character or essential terms of the agreement.  Moreover, the misrepresentations affected the very nature of the contract.  As explained by our Supreme Court over a century ago: "[E]very one has a right to select and determine with whom he will contract, and cannot have another person thrust upon him without his consent.  In the familiar phrase of Lord Denman, 'You have the right to the benefit you anticipate from the character, credit, and substance of the party with whom you contract.'" Arkansas Valley Smelting Co. v. Belden Mining Co., 127 U.S. 379, 387, 8 S.Ct. 1308, 1309 (1888).  See also John M. Moore, Adm'r. et al. v. United States Fidelity and Guaranty Co., 4 Phila.Co.Rptr. 1, 1980 WL 194176 (Pa.Com.Pl 1980) ("Indispensable to the coming into being of any contract is identity of the parties to the negotiation... A contract of insurance like any other contract, relates to

the parties executing the contract.  It is, of course, essential to such a contract that there be parties thereto, and that there be a definite understanding as to the identity of the parties.") (A copy of the John Moore case is attached hereto as Exhibit A).

     Keep in mind that the Distributor Contract involved the international distribution of products.  Due to Lasky and Dimick's misrepresentations, Elegant Moments, Inc. signed the Contract believing that is was dealing with a duly organized corporation and the credibility and sophistication that came therewith.  Instead, Elegant Moments, Inc. was dealing with a complete fiction.  Consequently, there can be no doubt that Lasky and Dimick's misrepresentations affected the very nature of the Distributor Contract and equate to fraud in factum.  As such, the Contract is void.

## B.  AS A MATTER OF LAW, PLAINTIFFS WILL SUFFER IRREPARABLE INJURY IF RELIEF IS NOT GRANTED.

It necessarily follows that Plaintiffs will suffer irreparable harm if the Arbitration is not stayed.  The Third Circuit Court's decision in PaineWebber, supra is on point for this issue.  There, the plaintiff claimed that the defendants' Demand for Arbitration was time barred and moved for a preliminary injunction to stay the pending arbitration.  The defendants argued that plaintiff could not be harmed by the arbitration proceedings since the arbitrator could decide the scope of his/her jurisdiction just as well as the Court.  The Court disagreed.

The Court explained:

> The [defendants] argue, in essence, that it makes no difference whether the court or an arbitrator decides, as an initial matter, the scope of the arbitrator's jurisdiction under the arbitration agreement because the outcome will be the same in either event.  While this argument strikes us as unsound on what might be described as empirical or behavioral terms, we need not rest our decision on the imperfect art of prognostication.  In the end, the argument fails because it squarely contradicts the Supreme Court's jurisprudence.  As we noted previously, see supra at 510-511, the Supreme Court has clearly and repeatedly stated that "a party cannot be required to submit to

> arbitration any dispute which he has not agreed so to submit." AT & T Technologies, 475 U.S. at 648, 106 S.Ct. at 1418 (quoting Warrior & Gulf, 363 U.S. at 582, 80 S.Ct. at 1352). The logical corollary of this policy is that a party cannot be required to arbitrate the threshold "dispute," as it were, of whether the underlying dispute is itself arbitrable. Hence, "the question of arbitrability ... is undeniably an issue for judicial determination." AT & T Technologies, 475 U.S. at 649, 106 S.Ct. at 1418.
>
> In light of this policy, we think it obvious that **the harm to a party would be per se irreparable** if a court were to abdicate its responsibility to determine the scope of an arbitrator's jurisdiction and, instead, were to compel the party, who has not agreed to do so, to submit to an arbitrator's own determination of his authority. Even if such things could be known in advance, it would be irrelevant whether the arbitrator's determination would be the same as the court's. A reluctant party has a right to a judicial determination of his obligation to arbitrate. We hold, therefore, that the district court did not abuse its discretion or commit an error of law in determining that [plaintiff] would suffer irreparable harm if it were forced to submit to the arbitrator's jurisdiction, if even just for a determination of the scope of that jurisdiction.

921 F.2d at 514 -515 (footnote omitted) (emphasis added).

Here, Plaintiffs are faced with a similar situation. By allowing the arbitration to proceed this Court will be compelling a party, who has not agreed to do so, to submit to an arbitrator's own determination of his

13

authority.  Consequently, as a matter of law, the harm to Plaintiffs must be deemed <u>per se</u> irreparable.  <u>Id</u>.

## IV.  CONCLUSION

In light of the foregoing, it is respectfully requested that a preliminary injunction be issued in the form requested in the concurrently filed motion.

Respectfully submitted,
/s/  Nicholas Charles Haros
NICHOLAS CHARLES HAROS, ESQ.
    Attorney I.D. #76195
    802 Main Street
    Stroudsburg, PA  18360
    (570) 424-9800
Attorneys for Plaintiffs