IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELEGANT MOMENTS, INC., EUGENE NEWTON, SR., and SUSAN NEWTON, | : : | CIVIL ACTION |
| Plaintiffs, | : | |
| vs. | : : | NO. 3:05-CV-00966 |
| NANCY DIMICK and KAREN LASKY, | : | JUDGE MUNLEY |
| Defendants. | : | MAG. JUDGE BLEWITT |

**BRIEF OF DEFENDANTS' IN OPPOSITION
TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

This case arises in the unusual circumstance in which Plaintiffs are seeking to stay an arbitration proceeding which they originally insisted must proceed. Under those circumstances, Plaintiffs' request for a preliminary injunction must be denied and the arbitration provision, which Plaintiffs sought to enforce, should be upheld.

**I.   COUNTER STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On February 3, 2005, Defendants, Nancy Dimick and Karen Lasky, filed a Complaint in the United States District Court of Nevada (hereafter, the "Nevada

action"), individually and as officers of Lingerie 4 You (hereafter, "LFY;" or collectively, "Defendants"). Defendants alleged, *inter alia*, that Plaintiffs breached the Exclusive Distributorship Agreement ("Distributorship Agreement") they entered into with Defendants.[1] Defendants sought damages and injunctive relief associated with Plaintiffs' breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and alter ego. Defendants also sought damages and injunctive relief against additional parties, related to intentional interference with contractual relationships, negligent interference with contractual relationships, intentional interference with business advantage, and negligent interference with business advantage.

Instead of filing a responsive pleading to Defendants' Complaint, Plaintiffs demanded to be dismissed from the dispute in the Nevada action, citing the arbitration clause in the Distributorship Agreement that reads:

> All disputes, controversies, or claims arising out of or relating to the Agreement that cannot be settled amicably . . . must be final [sic] and exclusively settled by arbitration.

*(See* Exclusive Distributorship Agreement attached as Exhibit A; Affidavit of Joseph Ganley ("Ganley Aff.") attached as Exhibit B).

---

[1] The Distributorship Agreement was signed by Nancy Dimick and Karen Lasky who were acting as promoters of Lingerie 4 You, Inc.

In accordance with the language in the agreement between the parties, Plaintiffs and Defendants agreed submit this dispute to AAA arbitration. Consequently, Defendants dismissed the Nevada action against Elegant Moments, Inc., Eugene Newton, and Sue Newton without prejudice. (Ex. B, Ganley Aff. ¶ 7).

Based on Plaintiffs' own suggestion that the arbitration clause controlled the dispute, Defendants submitted a claim for arbitration to AAA on March 24, 2005. (*See* Defendants' demand for arbitration attached as Exhibit C). In addition, Defendants filed a mandatory non-refundable deposit of $8,000.00 to engage in AAA arbitration. (Affidavit of Nancy Dimick ("Dimick Aff.") ¶ 6, attached as Exhibit D.) On May 2, 2005, Plaintiffs answered the arbitration demand. (*See* Plaintiffs' answer statement in the AAA arbitration attached as Exhibit E). Thereafter, Plaintiffs engaged in an administrative conference and submitted an arbitration selection list to the case manager. (Ex. B, Ganley Aff. ¶ 9).

Having secured dismissal of the Nevada action based on an agreement to arbitrate, Plaintiffs did an "about face" and filed a Complaint for Declaratory Relief and Petition for Stay of Arbitration with the United States District Court for the Middle District of Pennsylvania on May 12, 2005. Plaintiffs request in their complaint that this "Court determine if there is a valid and enforceable contract

between the parties," despite their purposeful invocation of the clause in relation to the Nevada action.  (*See* Doc. 1, ¶ 8).

On July 14, 2005, Defendants filed a Motion to Dismiss Plaintiffs' Complaint.  In response, Plaintiffs filed the instant Motion for Preliminary Injunction on July 20, 2005, seeking (1) to stay the arbitration already commenced, and (2) to "restrain Defendants from attempting arbitrating or seeking to arbitrate as against Plaintiffs" any and all of the following: (a) claims already asserted in the demand for arbitration, and (b) other claims based on the agreement between the parties.  This brief is filed in opposition to Plaintiffs' Motion for Preliminary Injunction.

## II.   STATEMENT OF QUESTION INVOLVED

   A.   Whether Plaintiffs, who demanded arbitration and caused the Nevada action to be dismissed, are now entitled to a preliminary injunction staying that arbitration.

   Suggested Answer:  No

## III.   ARGUMENT

   A.   **Standard of Review**

It is the clear policy of the law to favor the settlement of disputes by means of arbitration, in order to promote the swift and ordinary resolution of claims.  *Superior Indus., Ltd. v. Hornell Brewing Co., Inc.*, 1999 U.S. Dist. LEXIS 18603, *2, No. Civ. A. 99-3939 (E.D. Pa. November 24, 1999) (attached hereto as Exhibit F) *quoting Stewart v. State Farm and Cas. Co.*, 1996 U.S. Dist. LEXIS 14526

(E.D. Pa. 1996). Moreover, all doubts regarding the application of an arbitration provision should be resolved in favor of a finding that the matters at issue are covered under the arbitration provision. *Rowe v. Morgan Stanley Dean Witter*, 191 F.R.D. 398 (D.N.J. 1999).

The standard of review for a preliminary injunction is well established. In deciding whether to issue a preliminary injunction, a district court must carefully weigh four factors:

> (1) whether the movant has shown a reasonable probability of success on the merits;
>
> (2) whether the moving party will be irreparably injured by denial of the relief;
>
> (3) whether the preliminary relief will result in even greater harm than the nonmoving party; and,
>
> (4) whether granting the preliminary relief will be in the public interest.

*Gerardi v. Pelullo*, 16 F.3d 1363, 1373 (3d Cir. 1994).

B. **Plaintiffs do not meet the requirements for a preliminary injunction.**

Plaintiffs do not have a reasonable likelihood of success on the merits because this is a dispute relating to the Distributorship Agreement that must be settled by arbitration and because Plaintiffs have consented and requested arbitration. In addition, it is the Defendants, not the Plaintiffs, who will suffer the greatest harm if the injunction is granted by being the victim of Plaintiffs' forum

shopping tactics and being forced to litigate in a forum they did not choose. Furthermore, public policy requires that the parties representations be enforced, that forum shopping be discouraged and that arbitration be encouraged.

    **1.**    **Plaintiffs cannot demonstrate a reasonable likelihood of success on the merits.**

Plaintiffs cannot demonstrate a reasonable likelihood of success on the merits because the Distributorship Agreement requires that this dispute be arbitrated. Furthermore, Plaintiffs have consented to the arbitration and, in fact, they requested the dispute be resolved through the arbitration.

    **(a)**    **This dispute relates to the Distributorship Agreement and is subject to arbitration.**

The parties agreed that all disputes relating the Distributorship Agreement would be resolved through arbitration. The arbitration provision in the Distributorship Agreement provides "[a]ll disputes, controversies, or claims *arising out of or relating to* the Agreement that cannot be settled amicably . . . must be final and exclusively settled by arbitration." (*See* Exhibit A (emphasis added)).

This action is a dispute relating to the Distributorship Agreement. In fact, Plaintiff's complaint states that "Plaintiffs seek a declaration of the parties' rights and liabilities with respect to a Distributor Contract." (Doc. 1, ¶ 7). Furthermore, the arbitration clause has been invoked by Plaintiffs and an action identical to this

one is already well under way with a AAA arbitrator in Pennsylvania. (Ex. B, Ganley Aff. ¶¶ 9-11). That arbitrator can, according to the parties' agreement, grant all of the relief, even declaratory relief, that Plaintiffs seek in their complaint here.

 Plaintiffs cannot attempt to avoid application of the arbitration provision, which they previously invoked, by attacking the validity of the contract. Even Plaintiffs' challenge to the enforceability of the Distributorship Agreement must be resolved in arbitration. *Superior Indus., Ltd. v. Hornell Brewing Co., Inc.*, 1999 U.S. Dist. LEXIS 18603, *6 (E.D. Pa. 1999) (an arbitration clause is still enforceable where one party claims that the contract is invalid, as the very challenge to the validity of the contract itself is a matter to be resolved through arbitration) (copy attached as Exhibit F); *Eagle Telecom v. Billing Concept Sys., Inc.* 1999 U.S. Dist. LEXIS 12138, No. Civ. A. 99-2981 (E.D. Pa. Aug. 5, 1999) (holding that challenges to the validity of an existing contract or clause therein, i.e., an assertion of fraud in the inducement, do not affect the enforceability of an arbitration clause) (copy attached as Exhibit G). Furthermore, Pennsylvania case law is also clear that an order enjoining arbitration should not be granted unless it is clear that the agreement is not susceptible of interpretation that covers the dispute. *Wolf v. Balitimore*, 378 A.2d 911, 378 A.2d 911 (Pa. Super. Ct. 1977) (reversing grant of preliminary injunction because it cannot be said with positive

assurance that the dispute did not fall within the arbitration clause); *Oxford Bd. of School Directors v. Commonwealth*, 31 Pa. Commw. 441, 376 A.2d 1012 (Pa. Commw. Ct. 1977) (an order enjoining arbitration of a particular grievance should not be granted unless it may be said with positive assurance that the arbitration clause involved is not susceptible to an interpretation that would include the dispute at issue). In fact, Plaintiffs now attempt to perform the exact legal maneuver described and warned against by the Court in *Brandon, et al v. MedPartners, Inc. et al*, 203 F.R.D. 677 (S.D. Fla. 2001):

> Where a complaint presents squarely arbitrable issues for adjudication, a party may not sidestep arbitration by selectively couching the underlying dispute in terms of . . . "declaratory judgment."

*Id*. at 689.

Furthermore, Defendants are the responsible parties to the Distributorship Agreement because they were acting as promoters for Lingerie 4 You, Inc. Plaintiffs attempt to circumvent the Distributorship Agreement because the term "Inc." was listed in Lingerie 4 You, Inc.'s name. (Doc. 7, p.7). Plaintiffs attempt to characterize the agreement as a fraud because they believed they were dealing "with a duly organized corporation and all the credibility and sophistication that came therewith." (Doc. 7, p. 11). The mere fact of incorporation does not provide any credibility or sophistication. In fact, the primary reason for corporate formation is for individuals to avoid personal liability. *Village at Camelback*

*Property Owners Ass'n v. Carr,* 371 Pa. Super. 452, 538 A.2d 528 (1988) (noting long standing principle that one of the central reasons for conducting business in corporate form is the avoidance of personal liability by those holding equity in the corporation and the limitation of the risk of those persons to the value of their equity) *appeal granted* 519 Pa. 668, 548 A.2d 257 (1988), *aff'd* 524 Pa. 330, 572 A.2d 1 (1990).  Furthermore, there are countless partnerships that are far more sophisticated than some corporations.  This argument is a clearly an after-the-fact, last minute attempt to avoid the application of the Distributorship Agreement.

At the time the Distributorship Agreement was signed, the Defendants were acting as promoters for Lingerie 4 You International, Inc.  (Ex. D, Dimick Aff. ¶¶ 2-4).  Because Lingerie 4 You International, Inc. never formally became incorporated, the promoters who assumed to act on behalf of the projected corporation, are the responsible parties to the contract.  *See Raff v. Ishman,* 84 A. 352, 353, 235 Pa. 347, 352-353 (1912) (holding that individual signing contract on behalf of principal with no existence in Pennsylvania was responsible and could assert rights under the contract); *Lasher v. Stimson*, 23 A. 552, 145 Pa. 30 (1892)(individual acting on behalf of corporation non-existent in Pennsylvania was responsible party to contract); *RKO-Stanley Warner Theatres, Inc. v. Graziano*, 467 Pa. 220, 355 A.2d 830 (1976) (although promoter assumes to act on behalf of

a projected corporation, he will be personally responsible for contracts made by him for the benefit of corporation he intended to organize).

There can be no disagreement that this dispute relates to the Distributorship Agreement and must be decided by arbitration that was agreed upon and thereafter invoked by the Plaintiffs.

### (b)     Plaintiffs have consented and agreed to arbitration.

Plaintiffs have agreed twice to arbitrate. Plaintiffs originally agreed to arbitrate in the Distributorship Agreement and agreed a second time when they demanded that the Nevada action be dismissed and that the parties proceed by arbitration. (Ex. B, Ganley Aff. ¶5).

If Plaintiffs had not invoked the language of the agreement, this matter would have remained in the United States District Court of Nevada. Plaintiffs must be bound by their choice. *Township of Falls v. Whitney*, 730 A.2d 557 (1999) (holding that when a party has the option of two inconsistent paths and elects one of the two, the choice to traverse the one path constitutes a waiver of the other). Furthermore, to enjoin arbitration, Plaintiffs must show that they did not agree to arbitrate. *Vertical Resources, Inc. v. Bramlett*, 837 A.2d 1193, 2003 Pa. Super 462 (2003) (holding a party who can establish that he did not agree to arbitrate, or that the agreement to arbitrate, limited in scope, did not embrace the disputes in issue, may be entitled to enjoin arbitration proceedings); *Smith v. Cumberland Group,*

*Ltd.*, 687 A.2d 1167 (Pa. Super. Ct. 1997) (agreement to arbitrate dispute is agreement to submit oneself as well as one's dispute to arbitrators' jurisdiction; therefore, party who can establish that he did not agree to arbitrate may be entitled to enjoin arbitration proceeding).

Plaintiffs do not claim that they never agreed to arbitrate. Instead of accepting the forum they chose, Plaintiffs come before the Court under the guise of contending that the arbitration agreement and the arbitration itself is not capable of adjudicating the dispute. The fact is, outside of the Distributorship Agreement, Plaintiffs have agreed to arbitrate by demanding arbitration from Defendants. This is not a case where Defendants sought to compel arbitration of the dispute after Plaintiffs filed for relief in Court. Here, Plaintiffs demanded that Defendants submit the claims already filed in the United States District Court of Nevada to an arbitration in Pennsylvania. Defendants incurred an immediate cost of at least $8,000.00 of non-refundable fees to AAA by filing the arbitration claim. Only then, despite previously agreeing to and demanding arbitration, did Plaintiffs suggest that arbitration was an inappropriate forum.

### (c) **Plaintiffs should not receive equitable relief because they have unclean hands.**

The doctrine of unclean hands requires that one seeking equity act fairly and without fraud or deceit as to the controversy in issue. *Terraciano v. DOT, Bureau of Driver Licensing*, 562 Pa. 60, 753 A.2d 233 (2000); *Gaudiosi v. Mellon*, 269

F.2d 873, 881 (3d Cir. 1959) (noting that one who comes into equity must come with clean hands and keep those hands clean throughout the pendency of the litigation). A successful unclean hands defense to an injunction proceeding requires a showing by the defendants that plaintiffs' conduct is inequitable and that it involves the subject matter of the plaintiffs' claim. *Ciba-Geigy Corp. v. Bolar Pharmaceutical Co., Inc.*, 747 F.2d 844, 855 (3d Cir. 1984).

Plaintiffs demanded that the Nevada action be dismissed or they would file a motion to compel arbitration. (Ex. B, Ganley Aff. ¶¶ 4-7). In reliance on that representation, Defendants dismissed the Nevada action and commenced the arbitration proceedings. (Ex. B, Ganley Aff. ¶8). Now Plaintiffs are seeking to stay the arbitration proceeding on which they first insisted. If Plaintiffs had not invoked the language of the agreement, this matter would have remained in the United States District Court of Nevada. Plaintiffs cannot seek equitable relief after they caused the Nevada action to be dismissed and represented that this dispute should be resolved by arbitration.

> **2.   Plaintiffs will suffer no irreparable harm by litigating in arbitration.**

Plaintiffs also allege that proceeding through arbitration would cause them irreparable harm because it would force them to submit to the arbitrator's jurisdiction - something they have already done, by their own request, twice. In support of their erroneous contention, Plaintiffs rely solely on *PaineWebber, Inc. v.*

*Hartmann*, 921 F.2d 507, 515 (3d Cir. 1990).  Plaintiffs failed to note that *PaineWebber* has been overruled and distinguished by many subsequent decisions.  *See Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 85, 154 L. Ed. 2d 491, 123 S. Ct. 588 (2002); *Trippe Mfg. Co. v. Niles Audio Corp.*, 401 F.3d 529 (3d Cir. 2005) (noting that *PaineWebber* has been overruled).  It is also easily distinguished by the instant facts because the party seeking the injunction in *PaineWebber* did not previously seek to invoke the arbitration provision.

Plaintiffs have failed to cite any viable case law or any facts in support of their argument that they will be irreparably harmed.  In fact, Plaintiffs will not be harmed in any way if this Court enforces Plaintiffs' own request to arbitrate the dispute between these parties.  Plaintiffs have raised the issue of the proper parties to the Distributorship Agreement in the arbitration proceeding and have the opportunity to resolve that dispute in arbitration.

### 3. Greater Harm will Be Done to Defendants if the Preliminary Injunction is Granted.

A district court must weigh whether granting relief will result in even greater harm to the non-moving party.  *Gerardi v. Pelullo*, 16 F.3d 1363, 1373 (3d Cir. 1994).

If the preliminary injunction is granted, Defendants, who relied on Plaintiffs representations that this dispute should be settled by arbitration, will be subjected to the result of Plaintiffs' attempt at forum shopping and will be forced to litigate

in a forum they did not chose.  Defendants withdrew the Nevada action relying on Plaintiffs representation that the dispute should be settled in arbitration and commenced the current arbitration proceedings.  In addition, Defendants paid an $8,000.00 nonrefundable deposit to initiate and proceed with that arbitration.  If the preliminary injunction is granted, Defendants will be required litigate in a forum they did not chose or agree to and to halt the arbitration proceeding that they were forced to begin at Plaintiffs' insistence.

      **4.** **Granting Plaintiffs' Request for a Preliminary Injunction is not in the Public interest.**

A district court must weigh whether granting the preliminary relief is in the public interest.  *Gerardi v. Pelullo*, 16 F.3d 1363, 1373 (3d Cir. 1994).  Public interest favors resolution of disputes through arbitration.  *Superior Indus., Ltd. v. Hornell Brewing Co., Inc.*, 1999 U.S. Dist. LEXIS 18603, *2, No. Civ. A. 99-3939 (E.D. Pa. November 24, 1999) (attached hereto as Exhibit F); *Wolf v. Balitimore*, 378 A.2d 911, 378 A.2d 911 (Pa. Super. Ct. 1977).  Furthermore, courts routinely take steps to discourage forum shopping.  *See Philadelphia Newspapers, Inc. v. Argent Ventures LLC*, 2000 U.S. Dist. LEXIS 9808 (E.D. Pa. July 14, 2000) (granting defendants motion to dismiss because entertaining plaintiffs declaratory action would encourage and reward forum shopping) (copy attached as Exhibit H).

Plaintiffs represented to Defendants that this claim should be subject to arbitration.  Then, after the arbitration commenced, Plaintiffs filed this suit.  It is in

the public interest for this Court to hold a party to the representations that it makes, especially when those representations involve a choice of forum issue. Allowing a party to demand that a lawsuit be withdrawn and represent that the dispute must be settled by arbitration and then institute an action in an inconvenient forum to the former plaintiff requesting a stay of the arbitration should be discouraged.

## IV.   Conclusion

Based on the foregoing, Defendants respectfully request that this Court deny Plaintiffs' Motion for a Preliminary Injunction.

                                        Respectfully submitted,

                                        */s/ Brian P. Downey*
                                        Brian P. Downey (PA 59891)
                                        Justin G. Weber (PA 89266)
                                        PEPPER HAMILTON LLP
                                        200 One Keystone Plaza
                                        North Front and Market Streets
                                        Post Office Box 1181

<u>Of Counsel</u>                              Harrisburg, PA 17108-1181
Michael P. Subak                      (717) 255-1155
PEPPER HAMILTON LLP            *downeyb@pepperlaw.com*
300 Two Logan Square              *weberjg@pepperlaw.com*
18th & Arch Streets
Philadelphia, PA 19103-2799

Date: August 3, 2005                    Attorneys for Defendants

# **CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2005, I caused a copy of the foregoing brief to be served on the following counsel in the manner indicated below:

**By Electronic Filing System:**
Nicholas Charles Haros, Esquire     **Counsel for Plaintiffs**
802 Main Street
Stroudsburg, PA 18360
*nharos@eastpennlaw.com*


                                                                */s/ Brian P. Downey*
                                                                Brian P. Downey (PA 59891)