IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELEGANT MOMENTS, INC., EUGENE NEWTON, SR., and SUSAN NEWTON, | : : : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : : | |
| vs. | : : | NO. 3:05-CV-00966 |
| NANCY DIMICK and KAREN LASKY, | : : : | JUDGE JAMES M. MUNLEY MAG. JUDGE THOMAS M. BLEWITT |
| Defendants. | : | |

**DEFENDANT'S REPLY IN
SUPPORT OF THEIR MOTION TO DISMISS**

**I.   INTRODUCTION**

The pending motion arises from the fact that plaintiffs explicitly chose arbitration and the defendants believe they should be bound by their choice. Plaintiffs fail to explain or rebut the legal authority that mandates this case to arbitration. Rather than addressing whether or not this declaratory relief action is proper, plaintiffs seek to litigate the validity of the distributorship agreement.

However, that issue is currently pending before Mr. Richard K. Jaydel, Esq., the arbitrator assigned to this matter by the AAA, in the arbitration that plaintiffs originally requested.  (*See* Doc. 12, p. 3).

The AAA arbitrator has complete authority to adjudicate the validity of the contract, and as the courts have stated, plaintiffs cannot sidestep the arbitration by simply filing a declaratory relief action.[1]  *See Randon, et al. v. MedPartners, Inc., et al.*, 203 F.R.D. 677, 689 (S.D. Fla. 2001).  Plaintiffs chose arbitration as the forum to settle this dispute first when they agreed on it in the Distributorship Agreement and second when they requested the dispute be settled by arbitration after the defendants filed the Nevada action.  (*See* Doc. 12, p. 3). There is no legal or factual reason why this matter should not remain in arbitration. Accordingly, defendants respectfully ask this Court to dismiss plaintiffs' complaint for declaratory relief.

---

[1] Plaintiffs attempt to portray this as an issue not properly before the arbitrator based on *PaineWebber, Inc. v. Hartmann*, 921 F.2d 507 (3d Cir. 1990). Plaintiffs fail to note, however, that PaineWebber's holding was overruled by the Supreme Court and that any part of PaineWebber that was not overruled is *obiter dictum.  See Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 85, 154 L. Ed. 2d 491, 123 S. Ct. 588 (2002); *Trippe Mfg. Co. v. Niles Audio Corp.*, 401 F.3d 529 (3d Cir. 2005) (noting that *PaineWebber* has been overruled).

## II.  ARGUMENT

### A. This Court should end plaintiffs' attempt to forum shop by compelling plaintiffs to remain in the arbitration they specifically requested.

Plaintiffs fail to cite any legal authority that would allow them the right to engage in the forum shopping they are attempting here.  As this Court knows, this case was originally brought in the United States District Court for the District of Nevada, but was moved to AAA arbitration at plaintiffs' request.  Now that this dispute is pending in the forum it elected, Elegant Moments, Inc. seeks to transfer the case to a new forum.  This Court should decline to exercise jurisdiction over this matter, and allow the pending arbitration to proceed on the merits as plaintiffs originally requested.

#### 1. Defendants are the responsible parties to the contract and can enforce the contract.

Plaintiffs attempt to avoid arbitration by arguing that no contract existed. (Doc. 12, p.8).  Plaintiffs incorrectly state that none of the cases cited by Defendants hold that one who purports to act on behalf of a yet-to-be-formed corporation may assert rights under the contract. (Doc. 12, p.9, 10).  In other words, plaintiffs ask this court to hold that the parties contract only exists as long as plaintiffs want to enforce it.  Plaintiffs provide no authority for that proposition.

In almost every case involving corporate formation, a plaintiff attempts to hold an individual, and not the subsequently formed or defunct corporation, liable. This is because corporate formation allows individuals to avoid personal liability. *Village at Camelback Property Owners Ass'n v. Carr,* 371 Pa. Super. 452, 538 A.2d 528 (1988) (noting long standing principle that one of the central reasons for conducting business in corporate form is the avoidance of personal liability by those holding equity in the corporation and the limitation of the risk of those persons to the value of their equity) *appeal granted* 519 Pa. 668, 548 A.2d 257 (1988), *aff'd* 524 Pa. 330, 572 A.2d 1 (1990). In this case, in an attempt to avoid the application of the contract, plaintiffs have taken an awkward position, arguing that they wanted to deal "with a duly organized corporation and all the credibility and sophistication that came therewith."[2] (Doc. 7, p. 11).

---

[2] Plaintiffs provide no explanation for how exactly Elegant Moments, Inc. has been harmed by the nonexistence of a corporate entity in this matter. In fact, plaintiffs fail to specify any damages or detriment they incurred by entering into the agreement, other than asserting *ad nauseam* that they were duped into signing the contract. (Doc. 12, p. 4). Plaintiffs conveniently evaded addressing the nature of the harm they claim to have suffered. In reality, Elegant Moments, Inc. is in a much better position knowing that Nancy Dimick and Karen Lasky are individually liable for any alleged breach of the Distributorship Agreement. However, in an obvious effort to avoid facing their breach of the agreement, plaintiffs have chosen to reject the validity of the Distributorship Agreement and seek rescission instead.

Despite plaintiffs' atypical position in this case, the law provides that both parties may assert rights under these circumstances. Plaintiffs specifically focus on the decision of the Pennsylvania Supreme Court in *Raff v. Isman*, 235 Pa. 347 (1912), in which Isman purported to act on behalf of a nonexistent corporation. The Court held that Isman was responsible on the contract but furthermore, and more importantly, held that Isman could enforce a provision in the contract. *Id.* at 353, 354. The individual defendants here seek to enforce a provision of the contract and, like Isman, the law affords them the right to do so.

It does not matter which party is seeking to enforce the contract because courts do not enforce contracts where there is only one responsible party to a contract. Mutuality of obligation is a fundamental and basic tenant of contract law. *Geisinger Clinic v. Di Cuccio*, 414 Pa. Super. 85, 606 A.2d 509 (1992) (noting that if a mutuality of promises is absent, the contract is unenforceable). Without mutuality of obligation there would be no basis to allow either side to enforce a contract. *Id*. The contracts, and the provisions of those contracts, can be enforced by either party. *See Raff v. Isman*, 235 Pa. 347 (1912).

## 2. Even assuming all Plaintiffs' allegations are true, this dispute and the validity of the contract must be resolved through arbitration.

Plaintiffs attempt to avoid arbitration by arguing that they entered into the contract based on a misrepresentation that Lingerie 4 You, Inc. was a

corporation and, but for that fact, they would not have entered into the contract. (Doc. 12, p.5; Newton Aff. ¶ 19). Assuming *arguendo* that all the facts asserted by Plaintiffs are true and Defendants are not the responsible parties to the contract, the contract would not be void. *Sixsmith v. Martsolf*, 413 Pa. 150, 152 196 A.2d 662, 663 (1964) (a contract secured by fraud is voidable only at the option of the injured party); *Bertram v. Ben. Consumer Dis. Co.*, 286 F. Supp. 2d 453, 458 n.5 (M.D. Pa. 2003) (staying proceeding pending arbitration and noting that voidable contracts arise in situations where contract is tainted by misrepresentation); *Crummer v. Berkman*, 346 Pa. Super. 408, 499 A.2d 1065 (1985) (noting that fraudulent or material misrepresentation makes contract voidable); Restatement (Second) of Contracts § 164 ([i]f a party's manifestation of assent is induced by either a fraudulent or material misrepresentation by the other party upon which the recipient is justified on relying, the contract is voidable by the recipient). In their brief in support of the motion for a preliminary injunction, Plaintiffs assert that this is a case of fraud in the factum and in part cite the Restatement (Second) of Contracts § 163 for the basis that the contract would be *void and not voidable*. (Doc. 12, p. 9). Illustration 1 to section 163, however, provides just the opposite. (Restatement (Second) of Contracts § 163, Illustration 1.) It provides that where one party to a contract is deceived as to the identity of the other party, the assent to

the contract is effective but that the contract is *voidable* under the rule stated in § 164(1) (emphasis added). *Id.*

It is clear that a dispute regarding a voidable contract, or any contract not void, is required to be arbitrated based on an arbitration clause. *Bertram, supra* (court is required to enforce arbitration provision where contract is voidable); *Sandvik AB v. Advent International Corp.*, 220 F.3d 99, 108 (3d Cir. 2000) (drawing distinction when enforcing arbitration provisions between void and voidable contracts). Plaintiffs are asserting that because of alleged misrepresentations, they were induced into entering a contract they would not otherwise have entered. (Newton Aff. ¶ 19). This does not support the position that the contract is void. Plaintiffs make no challenge to the arbitration provision itself. Thus, even assuming that all Plaintiffs allegations are true, the contract would not be void, only potentially voidable and its validity must be resolved through arbitration.

Furthermore, it is well-settled precedent in this jurisdiction that the "district court may decline jurisdiction of a suit to obtain declaratory relief if it appears that the same parties and issues are involved in another lawsuit previously begun." *See U.S. Fid. & Guar. Co. v. Ditoro*, 206 F. Supp. 528, 532 (M.D. Pa. 1962) (emphasis added). As explained in the brief in support of the motion to dismiss, these same parties and issues are currently in arbitration, and plaintiffs fail

to cite any legal authority that would allow plaintiffs to request arbitration and then pursue another lawsuit regarding the same issues.

    **B.**    **<u>Plaintiffs should be estopped from denying the validity of the contract.</u>**

Although defendants did not complete the incorporation process, plaintiffs affirmed the validity of the agreement by their subsequent actions. For instance:

1. Plaintiffs had no objection to defendants representing themselves as the exclusive distributors of all Elegant Moments, Inc.'s products in Japan in December 2003 (Ex. C to Defendants' Brief in Opposition (also attached as Ex. B to Plaintiffs' Complaint), ¶ 14);

2. Subsequent to the execution of the contract, plaintiffs corresponded and engaged defendants by providing them catalogues (albeit untimely) and products intended for sale in the Japanese market. Plaintiffs treated defendants as an actual distributor (Ex. C to Defendants' Brief in Opposition (also attached as Ex. B to Plaintiffs' Complaint), ¶ 19);

3. During the April 2004 International Lingerie Trade Show at the Rio Hotel in Las Vegas, Nevada, notwithstanding the unprofessional treatment they received from Eugene Newton, defendants operated as Elegant Moments, Inc.'s exclusive distributor for Japan (Ex. C to Defendants' Brief in Opposition (also attached as Ex. B to Plaintiffs' Complaint), ¶ 17).

When viewed in the aggregate, these facts indicate that Elegant Moments, Inc. affirmed the existence of a valid agreement. Defendants' actions actually benefited Elegant Moments Inc., because its catalogues and products

received significant exposure in Japan.  This exposure obviously helped Elegant Moments, Inc. subsequently sell products in Japan in violation of the distribution agreement, which defendants have alleged in the arbitration.  Even if defendants did not complete incorporation, plaintiffs affirmed the agreement by continuing to work with defendants and were not harmed by the lack of corporate formalities.

## III.   CONCLUSION

Based on the foregoing, and the reasons set forth in defendants' brief in support of their motion to dismiss, defendants respectfully move this Court to dismiss this matter and allow the pending arbitration to proceed as plaintiffs originally requested.

Respectfully submitted,

*/s/ Brian P. Downey*
Brian P. Downey (PA 59891)
Justin G. Weber (PA 89266)
PEPPER HAMILTON LLP
200 One Keystone Plaza
North Front and Market Streets
Post Office Box 1181
Harrisburg, PA 17108-1181
(717) 255-1155
*downeyb@pepperlaw.com*
*weberjg@pepperlaw.com*

<u>Of Counsel</u>
Michael P. Subak
PEPPER HAMILTON LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103-2799

Attorneys for Defendants
Date:  August 10, 2005

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2005, I caused a copy of the foregoing to be served on the following counsel in the manner indicated below:

**By Electronic Filing System**  
Nicholas Charles Haros, Esquire  **Attorney for Plaintiffs**
Young & Haros, LLC  
802 Main Street  
Stroudsburg, PA 18360  
*nharos@eastpennlaw.com*

 

*/s/ Justin G. Weber*  
Justin G. Weber (PA89266)