UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ELEGANT MOMENTS, INC., et al.,            :        CIVIL ACTION NO. **3:CV-05-0966**
                                          :
      Plaintiffs,                 :
                                          :
      v.                          :        Magistrate Judge Blewitt
                                          :
NANCY DIMICK, et al.,                     :
                                          :
      Defendants                  :

**MEMORANDUM AND ORDER**

## I. Procedural History.

This action was  filed on May 12, 2005 by Plaintiffs Elegant Moments, Inc., Eugene Newton, Sr. and Susan Newton against Defendants Nancy Dimick and Karen Lasky.  Diversity jurisdiction is alleged under 28 U.S.C. § 1332(a).  (Doc. 1, p. 2).  Plaintiffs seek a Declaratory Judgment pursuant to 28 U.S.C. §§ 2201-2202 concerning the rights, obligations and liabilities of the parties under a Distributor Contract.  The Defendants had  previously instituted an arbitration proceeding against Plaintiffs with respect to the Distributor Contract which was pending before the American Arbitration Association ("AAA").  Plaintiffs, in addition to their Complaint for Declaratory Judgment, also petitioned this Court to stay the arbitration commenced by Defendants against them.  (Doc. 1, p. 1).[1]  Defendants filed a Motion to Dismiss in response to the Complaint.  On October 27, 2005, the District Court denied Defendants' Motion and stayed the Arbitration. (Doc. 17).[2]

---

[1].    The Arbitration which Defendants commenced against Plaintiffs with the AAA was filed on March 24, 2005.

[2].    On July 20, 2005, Plaintiffs filed a Motion for Preliminary Injunction ("PI") seeking this Court to stay the Arbitration proceedings Defendants commenced against them until their (Plaintiffs') declaratory judgment action filed with this Court was decided.  (Doc. 6).  As mentioned, the District Court granted Plaintiffs' PI Motion and stayed the Arbitration.  (Doc. 17).

Defendants then filed their Answer to the Complaint, which also contained a Counterclaim.  (Doc. 20).

On December 4, 2005, Plaintiffs  filed a Motion to Dismiss Defendants' Counterclaim, arguing that it merely replicated the claims that Defendants raised in the Arbitration which was stayed by the District Court.  (Doc. 24).  Plaintiffs' Motion has been briefed and is ripe for disposition.  (Docs. 27, 30 & 31).

As we indicated in our prior Report and Recommendation (Doc. 16):

> Essentially, Plaintiffs request this Court to determine that a valid and enforceable contract does not exist between the parties.  Plaintiffs also request this Court to stay all proceedings in the Arbitration case until the Court adjudicates the merits of their declaratory judgment action.  Plaintiffs contend that if the contract with Defendants is void, then the arbitration clause embedded therein is also void.

This matter was originally assigned to United States District Judge James M. Munley and referred to the undersigned for pretrial management.  Subsequently, the parties consented to proceed before the undersigned for all matters pursuant to 28 U.S.C. s 636(c). (Docs. 28 & 29).

Also, as we previously indicated, Doc. 16, pp. 1-2:

> Basically, Plaintiffs assert that this Court should determine if there exists a valid and enforceable contract between the parties under the Distributorship Agreement or Contract ("DC").  Defendants claim that this issue is subject to the Arbitration case involving the parties which is already pending with the AAA and that Plaintiffs' present declaratory judgment action should be dismissed.  Plaintiffs claim that Defendants fraudulently misrepresented them into believing that Lingerie 4 You International, Inc. ("LFYI") was a legal corporation when it never was a lawful entity and that this fraud in the execution voided the DC, including the arbitration clause, thus barring Defendants from compelling arbitration of this case under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1-16. The issues with which we are now presented are whether the alleged fraudulent conduct of Defendants, which Plaintiffs claim preclude Defendants from compelling arbitration since this conduct rendered the DC void *ab initio,* should be considered by this Court and not by the arbitrator, and whether this determination should be made by this Court prior to the arbitration case proceeding any further.  As discussed below, we find that the Plaintiffs' claim that the DC was rendered void *ab initio* must be resolved by this Court, and therefore, we shall recommend that Defendants' Motion to Dismiss be denied, that Plaintiffs' Motion for Injunction be granted, and that the Court stay the pending Arbitration proceedings until this Court adjudicates the declaratory judgment action.

**II. Background.**

As Plaintiffs state in their Brief (Doc. 27, pp. 3-5), we have detailed the factual history of this case in our Report and Recommendation, Doc. 16, pp. 3-5, as follows:

On or about November 1, 2003, Eugene Newton, Sr., as President of Elegant Moments, Inc., a Pennsylvania corporation, signed a Distributor Contract ("DC").  The Distributor Contract was entered into between Elegant Moments, Inc. as Manufacturer and Lingerie 4 You International, Inc. ("LFYI"), referred to as Distributor, with its principal place of business in Las Vega, Nevada. (Doc. 1, Ex. A).[3]  Both Defendants Dimick and Lasky signed the Distributor Contract, the former as President and the latter as Vice President of Lingerie 4 You International, Inc. (*Id.*, p. 10).  Neither Dimick nor Lasky signed the DC in their individual capacities.  Plaintiffs aver that at all relevant times, they believed that Lingerie 4 You International, Inc. was a legal and operating corporation.  Under the DC, Elegant Moments, as manufacturer, was to provide LFYI with intimate apparel and LFYI, as distributor, was in turn to distribute, to promote, and to sell the apparel to customers in Japan.

After the DC was executed, Defendants claimed that Plaintiffs breached the agreement and filed suit against them in the United States District Court for Nevada on February 3, 2005.  This case captioned as *Nancy Dimick, et al. v.  Elegant Moments, Inc., et al.,* was docketed to Civil No. 05-0134, D. NV.  Plaintiffs were served with Defendants' Nevada suit and subsequently, Plaintiffs advised Defendants that since Defendants were signatories to an arbitration clause in the DC they (Plaintiffs) would file a motion to compel arbitration if the Nevada suit was not dismissed as to them (Plaintiffs).  (Doc. 8, Ex. A, pp. 1-2).  Defendants then dismissed the Nevada suit against Plaintiffs on March 16, 2005.

On or about March 24, 2005, Defendants filed a demand for Arbitration with the AAA, alleging that Plaintiffs breached the DC. (Doc. 1, Ex. B).  On May 2, 2005, Plaintiffs filed their answer to the arbitration demand of Defendants. (Doc. 1, Ex. C).  Plaintiffs responded in part that the Claimants, Dimick and Lasky were not parties to the DC and thus were not proper parties to the Arbitration, and that "Lingerie 4 You" was not a party to the DC and thus not a proper claimant in the Arbitration.  Plaintiffs asserted that only Lingerie 4 You, Inc. ("LFYI") and Elegant Moments, Inc. were parties to the DC. (Doc. 1, Ex. C).  The Arbitration case then proceeded to an administrative conference and selection of an arbitrator.  (Doc. 8, Ex. A, p. 3).

---

3.   On page 9 of the DC, LFYI was specifically listed as the Distributor. (Doc. 1, Ex. A, p. 9).

On May 2, 2005, counsel for Defendants in the Arbitration case faxed a letter to Plaintiffs' counsel indicating that Defendants' arbitration demand incorrectly named Lingerie 4 You as a claimant and indicated that the proper claimants in the Arbitration case were LFYI and Dimick and Lasky, its principals.  (Doc. 1, Ex. D).  The fax letter also identified LFYI as a "Nevada general partnership" and not as a Nevada corporation.  (*Id*.).

During the pendency of the Arbitration case, Plaintiffs instituted this Declaratory Judgment action in this Court and Petition to Stay the Arbitration.  Plaintiffs seek this Court to determine if there exists a valid and enforceable contract between the parties named herein, notwithstanding their agreement in the DC to resolve contract disputes through arbitration and their invocation of the arbitration clause in the DC when the Defendants filed suit against them for breach of contract in Nevada District Court.  As mentioned, it is the Defendants' position that Arbitration is the recognized and agreed to method to determine if a breach of the DC occurred, and not this declaratory judgment action Plaintiffs filed with this Court.  Defendants state that the Arbitration action has already been filed with the AAA pursuant to the binding provision in the DC with identical issues to the instant case and is proceeding, and that this arbitration action can provide Plaintiffs with all of the relief which they are seeking in the present case, including a declaratory judgment.  Defendants point out that Plaintiffs themselves have already previously invoked the arbitration provision of the DC, which resulted in the Defendants' dismissal of the their federal action in Nevada and the commencement of the Arbitration case with the AAA.

Plaintiffs concede that they would have compelled arbitration pursuant to the DC in Defendants' Nevada federal suit against them for breach of contract, but argue that at the time, they thought that LFYI was an operating legal corporation.  Plaintiffs state that only after Defendants discontinued their federal suit in Nevada and filed their Arbitration demand with the AAA, *i.e.* when they received the referenced May 2, 2005 fax letter from Defendants' Arbitration counsel, did they (Plaintiffs) discover that LFYI was not incorporated and was a fiction.  Plaintiffs argue that they would never had signed the DC with Defendants if they knew that LFYI was not a legal corporate entity and that Defendants fraudulently misrepresented to them that LFYI was indeed a legal corporation in order to dupe them into signing the DC.  (Doc. 12, Ex. A, Newton Affidavit, ¶ 19.).  Thus, Plaintiffs contend that the Defendants intentionally misrepresented the essential terms of the DC (*i.e.* fraud in the execution) and that Mr. Newton, as president of Elegant Moments, signed the DC without knowing material facts at the time.  Therefore, Plaintiffs argue that the DC, which they claim was executed without knowledge of the fraud perpetrated upon them by Defendants, is null and void. Hence, according to Plaintiffs, if the DC is null and void *ab initio,* then the Arbitration clause contained therein is also null and void and not enforceable against them.  (Doc. 1, p. 7,  ¶ 25.).  Plaintiffs filed

4

the present Declaratory Judgment action for precisely this reason, *i.e.* to request this Court to find that the DC is null and void *ab initio* since they were fraudulently misled into executing it and misled by Defendants that LFYI was a legal entity and operating corporation when in fact it never actually existed.  Plaintiffs also seek in the present case an order that Defendants be permanently barred from arbitrating any claims arising under the DC against them.

## III.  Standard of Review.

### A.  Motion to Dismiss

When evaluating a motion to dismiss, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957);  *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir. 1988).  A complaint that sets out facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend.  *Estelle v. Gamble*, 429 U.S. 97, 107-108 (1976).[4]

## IV.  Discussion.

Plaintiffs argue that in order for Defendants to proceed on any  portion of their Counterclaim, they must concede that the DC was void *ab initio*.  Plaintiffs state that if this Court decides that the DC is valid, then and only then, must the claims asserted in Defendants' Counterclaim, including the unjust enrichment claim and intentional/tortious interference with contractual relations claim, be decided by Arbitration.  Plaintiffs state that they have consistently maintained that if the DC is valid, then the Arbitrator should decide this case, including the claims Defendants now attempt to raise in their Counterclaim.  On the contrary, Plaintiffs state that Defendants have always maintained that this case should be decided by the Arbitrator.  Thus, Plaintiffs conclude that Defendants cannot now maintain that the DC is valid and that

---

[4].   We note that a scheduling order has been entered setting a discovery deadline of July 15, 2006. (Doc. 26).

their Counterclaim can proceed in this Court, since these positions are mutually exclusive. (Doc. 27, pp. 9-11).

We agree with Plaintiffs that the claims Defendants assert in their Counterclaim can only be decided at arbitration. We also agree with Plaintiffs (Doc. 27, pp. 8-9) that the claims in Defendants' present Counterclaim were conditional on their success with respect to their motion to compel arbitration, which was denied by this Court. (Doc. 17). *See John Hancock Life Ins. Co. v. Wilson*, 254 F. 3d 48, 60 (2d Cir. 2001) ("We hold that the district court properly dismissed the Investors' counterclaims on the ground that they were conditional. ...  the Counterclaims were conditional on an adverse decision to their motion to compel arbitration.").

Defendants state that the claims in their Counterclaim include breach of contract, intentional interference with contractual relations, alter ego and unjust enrichment, and that they "either involve the [DC] or Plaintiffs' actions regarding the distribution of the same or similar merchandise." (Doc. 30, p. 5). Defendants argue that, notwithstanding Plaintiffs' success with respect to their declaratory judgment action with this Court, their [Defendants'] counterclaims for intentional interference with economic relations and prospective business advantage will still remain. (*Id.*, p. 6). As discussed below, we agree with Plaintiffs that the arbitration clause in the DC is broad enough to encompass all of Defendants' claims asserted in their Counterclaim. (Doc. 31, pp. 4-5). All of Defendants' claims arise out of and relate to the terms and provisions of the DC. As Plaintiffs explain (*Id.*, pp. 5-6), all of Defendants' claims raised in their Counterclaim are subject to arbitration. Thus, we find that the claims contained in Defendants' Counterclaim fall within the scope of the arbitration clause (noted below) of the DC.

We find that the arbitration clause is applicable to all of the claims asserted by Defendants in their Counterclaim. As the Court in *Nova CTI Carribean v. Edwards*, 2004 WL

35759 (E.D. Pa.) *4,[5] indicated, a tortious interference with contractual relations claim is subject to the arbitration clause.  We find that the claims asserted by our Defendants in their Counterclaim are within the arbitration clause of the DC.  These claims arise out of and relate to the provisions of the DC.  If Defendants succeed in our case and establish that the DC was valid, then all of the claims they assert in their Counterclaim will be decided at Arbitration.  We concur with Plaintiffs that the claims Defendants raise in their Counterclaim which arise out of and relate to the terms and conditions of the DC must be decided at Arbitration if the DC is found to be valid.  Thus, we find that Defendants' claims in their Counterclaim are arbitrable pursuant to the arbitration clause of the DC.[6]

Defendants' Counterclaim is indeed contingent upon its success in this action to establish that the DC was valid.[7]  However, if Defendants do succeed on this issue, then the claims Defendants raise in their Counterclaim must be decided at arbitration.[8]  Thus, we find no prejudice to Defendants, since if they are successful in the action now before the Court and it is

---

5.    Both parties rely upon *Nova*.  Doc. 27, Ex. 1 & Doc. 30, Ex. A.  We find that the *Nova* case supports Plaintiffs' Motion.

6.    As stated in our prior Report and Recommendation, Defendants relied upon the arbitration clause to support their Motion to Dismiss.  Based on this former concession of Defendants, we now find that the claims in their Counterclaim are covered by the arbitration clause, which specifically indicated that arbitration was the agreed upon exclusive method to resolve "all disputes, controversies, or claims arising out of or relating to this Agreement or any breach of this Agreement . . .  must be final and exclusively settled by arbitration"under the AAA rules. (Doc. 1, Exhibit A, p. 7).

7.    As we stated in our prior Report and Recommendation (Doc. 16):

This action arises out of Plaintiffs' alleged breach of the DC.  It raises issues as to the proper forum for adjudicating the breach of contract claims Defendants assert against Plaintiffs and as to whether this Court or the Arbitrator should decide if the DC is null and  void (or only voidable as Defendants claim), and if the Plaintiffs executed the DC due to Defendants' alleged fraudulent misrepresentation about the true legal nature of the Distributor (*i.e.* LFYI).
The District Court has held that this Court must decide if the DC was void *ab initio*.

8.    In fact, as Plaintiffs indicate, Defendants' claims in their Counterclaim are a duplicative of the claims contained in Defendants' Demand for Arbitration.  (Doc. 31, p. 3 & Doc. 27, p. 3).

decided that the DC is valid, they can assert all of their stated counterclaims in Arbitration, as they are all arbitrable issues and these claims were intended to fall within the arbitration provision of the DC.[9]

Therefore, since we find that the claims asserted by Defendants in their Counterclaim are arbitrable, we shall grant Plaintiffs' Motion to Dismiss Defendants' Counterclaim. **(Doc. 24).**

An appropriate Order follows.


**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: February 7, 2006**

---

9. The Arbitration Clause at issue is contained in the Section Eleven, Governing Laws And Disputes, of the DC and states as follows:

> All disputes, controversies, or claims arising out of or relating to this Agreement or any breach of this Agreement that cannot be settled amicable (sic) by the parties must be final (sic) and exclusively settled by arbitration under the then prevailing Rules of the American Arbitration Association (the "Rules" ) by one arbitration that will be held in Peckville, Pennsylvania, United States of America. The parties agree that judgment on any arbitration award may be entered in any court of competent jurisdiction.

(Doc. 1, Exhibit A, p. 7).

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ELEGANT MOMENTS, INC., et al.,          :          CIVIL ACTION NO. **3:CV-05-0966**
                                        :
          Plaintiffs,                   :
                                        :
          v.                            :          Magistrate Judge Blewitt
                                        :
NANCY DIMICK, et al.,                   :
                                        :
          Defendants                    :

## ORDER

**AND NOW,** this 7th  day of **February 2006**, **IT IS HEREBY ORDERED THAT**
Plaintiffs' Motion to Dismiss Defendants' Counterclaim **(Doc. 24)** is **GRANTED.**

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: February 7, 2006**